# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSH UNGURAIT, individually, and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| VINMAN CORP., d/b/a 3RD & LINDSLEY and RON BRICE, | )<br>)<br>) |
| Defendants. | ) |

Case No. _____

JUDGE _____

**COLLECTIVE ACTION**
**JURY DEMAND**

## COMPLAINT

Comes the representative Plaintiff, Josh Ungurait, individually, and on behalf of all others similarly situated, pursuant to Section 216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), and files this lawsuit against Defendants, and for his cause of action states as follows:

### PARTIES

1. Plaintiff was employed by Defendant Vinman Corp. and Ron Brice from May of 2015 until February 3, 2017. His consent to join this lawsuit is attached as Exhibit 1.

2. Defendant Vinman Corp., ("Vinman") is a Tennessee corporation having its principal place of business in Nashville, Davidson County. Specifically, Vinman does business as 3rd & Lindsley, a restaurant, bar and music venue.

3. On information and belief, Defendant Ronald Brice, is President of Vinman and has operational control over Vinman.

### JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. §1367.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to this claim occurred in the Middle District of Tennessee.

**FACTUAL ALLEGATIONS**

6. At all times material to this action, Defendant Vinman was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

7. Plaintiff was employed by Defendants within the last three years before the filing of this lawsuit.

8. While Plaintiff worked for Defendants, Defendant Vinman was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

9. While Plaintiff worked for Defendants, Defendant Brice was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

10. While Plaintiff worked for Defendant Vinman, Plaintiff was an "employee" of Defendant Vinman as defined by Section 203(e)(1) of the FLSA, and worked for Defendant Vinman within the territory of the United States within three years preceding the filing of this lawsuit.

11. While Plaintiff worked for Defendant Brice, Plaintiff was an "employee" of Defendant Brice as defined by Section 203(e)(1) of the FLSA, and worked for Defendant Brice within the territory of the United States within three years preceding the filing of this lawsuit.

12. The minimum wage and overtime provisions of the FLSA set forth in

Sections 206 and 207, respectively, apply to Defendants.

13. While Plaintiff was employed by Defendants in Defendants' restaurant and music venue as a server, Plaintiff was an hourly employee entitled to minimum wage for each hour worked, pursuant to Section 206 of the FLSA.

14. Defendants maintain a policy and practice of paying their servers sub-minimum direct wage of $2.13 per hour ("tip rate"), and take advantage a tip credit from tips earned by Plaintiff, which allowed Defendants to include in its calculation of Plaintiff's wages an amount equal to the difference between the promised tip rate of $2.13 per hour and the minimum wage rate of $7.25 per hour, pursuant to 29 U.S.C. § 203(m).

15. Defendants maintain a policy that required servers to reimburse Defendants for customer walkouts from a server's own tips and direct wages.

16. In the service industry, the term "walk-out" refers to incidents when customers leave the restaurant without paying for their meal and/or drinks.

17. While paying Plaintiff a sub-minimum tip rate, Defendants required Plaintiff to reimburse Defendants from his tips and direct wages on at least two occasions when customers walked out without paying for their meals and/or drinks.

18. During Plaintiff's shift on September 5-6, 2016, a customer Plaintiff was serving incurred a tab in the amount of $171.73. The customer left the restaurant without paying the tab.

19. While paying Plaintiff at the sub-minimum tip rate, Defendants required Plaintiff to reimburse them for the unpaid walk-out tab with his own tips and direct wages.

20. Plaintiff reimbursed Defendants for the unpaid walk-out tab over the course of several workweeks.

21. Due to Defendants' policy requiring severs to reimburse Defendants for any unpaid tabs, Plaintiff's direct wages were reduced below the mandatory tip rate of $2.13 per hour.

22. Defendants regularly paid Plaintiff the sub-minimum wages for non-tipped duties that were not related to his tipped occupation, including cleaning the restrooms and other janitorial duties. While employed by Defendants, Plaintiff complained to his managers and supervisors about the policy requiring servers to reimburse Defendants for walkouts.

23. Plaintiff filed a civil warrant in the Davidson County General Sessions Courts alleging violations of the FLSA and Tennessee employment law.

24. Upon learning of the civil warrant, Defendants informed other employees about Plaintiff's actions to obtain relief from the illegal practices.

25. Plaintiff was physically assaulted by another employee because the other employee was angry that Plaintiff complained about violations of the FLSA.

26. Because of Plaintiff's complaints about Defendants illegal practices, Defendants reduced the number of tables assigned to Plaintiff, reducing his workload and the amount of tips he could generate per shift.

27. Because of Plaintiff's complaints about Defendants illegal practices, Defendants punished Plaintiff for behavior that Defendants allowed other employees to engage in without punishment.

28. Because of Plaintiff's complaints about Defendants illegal practices, Defendants reduced Plaintiff's hours and eventually terminated him on February 3, 2017.

**Minimum Wage Violation**

29. Defendants' illegal pattern and practice with respect to requiring Plaintiff to pay for walkouts and perform duties unrelated his tipped occupation while paying him sub-minimum wages was and is in violation of the FLSA.

30. Defendants knew or should have known that its policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA.

31. Defendants knowingly, willfully, and/or with reckless disregard carried out, and continue to carry out, these illegal patterns and practices.

32. Defendants' violations of Section 206 of the FLSA were willful.

33. Defendants' violations of Section 206 of the FLSA were not in good faith.

34. As a result of Defendants' failure to comply with Section 206 of the FLSA, Defendants are liable to Plaintiff for back pay.

35. In addition to the amount of unpaid minimum wages owed to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

36. Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

37. Defendant Brice is jointly and severally liable as an employer for all damages owing to Plaintiff as a result of the FLSA minimum wage violations.

**Retaliation**

38. As a consequence of being terminated in retaliation for complaining about FLSA violations, Plaintiff has suffered lost income due to being terminated.

39. As a consequence of being terminated in retaliation for complaining about FLSA violations, Plaintiff has suffered embarrassment and humiliation due to being punished and discharged.

40. Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

41. Plaintiff is entitled to an award of damages for embarrassment and humiliation for retaliation for bringing this lawsuit, pursuant to 29 U.S.C. § 215(a).

42. Defendant Brice is jointly and severally liable as an employer for all damages owing to Plaintiff as a result of the retaliation in violation of the FLSA.

### Tenn. Code Ann. § 50-2-107

41. Defendants' actions as described above are in violation of Tenn. Code Ann. § 107.

42. As a result of Defendants' violation of Tenn. Code Ann. § 107, Plaintiff has suffered damages.

43. As a result of Defendants' violation of Tenn. Code Ann. § 107, Plaintiff is entitled to recover compensatory damages, punitive damages and attorneys' fees.

### Unjust Enrichment

44. Throughout his employment with Defendants, Plaintiff provided valuable services to Defendants from which Defendants benefited and were enriched.

45. Defendants have not paid Plaintiff for the valuable services provided by Plaintiff from which Defendants benefited and were enriched.

46. Defendants have been unjustly enriched as a result of their failure and refusal to pay Plaintiff for the valuable services provided by Plaintiff.

47. As a result, Defendants are liable to Plaintiff in an amount to be determined by the jury in an amount adequate to compensate Plaintiff for his services rendered and to prevent Defendants from being unjustly enriched.

### Collective Action Averments

48. Plaintiff is aware of other similarly situated current and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent with the Court pursuant to Section 216(b) of the FLSA. Specifically, Plaintiff is aware of other hourly employees of Defendant who worked at Defendants' restaurant and music venue and who were subjected to the same policies, and consequently were not paid minimum wage for all hours worked in some workweeks.

49. All other hourly current and former employees who have worked as servers for Defendants restaurant within the last three years and who have not been paid minimum wage for all hours worked are similarly situated to Plaintiff and should be given notice of this lawsuit and the opportunity to join.

50. All other similarly situated current and former employees are also entitled to damages in the form of back pay, liquidated damages, and attorney's fees.

WHEREFORE, Plaintiff and all similarly situated employees, demand judgment against Defendants and pray this Court:

    1. Find defendants liable for the violations of acts alleged herein;

    2. Award compensatory damages for to Plaintiff for embarrassment and humiliation;

    3. Award punitive damages to Plaintiff;

4. Issue notice to all similarly situated employees of Defendants who worked as servers for Defendants within the last three years informing them of their right to file consents to join the FLSA portion of this action;

5. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

6. Award Plaintiff and all similarly situated employees pre-judgment and post- judgment interest as provided by law;

7. Award all injunctive or equitable relief to which Plaintiff and all similarly situated employees may be entitled;

8. Award to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, costs, and expenses; and

9. Grant such other and further relief as the court deems just and proper.

Respectfully submitted,

/s/Randall W. Burton
Randall W. Burton, #15393
144 Second Avenue, North, Suite 212
Nashville, Tennessee 37201
(615) 620-5838

/s/Stephen W. Grace
Stephen W. Grace, TN No. 14867
Delain Deatherage, TN No. 22473
1019 16th Avenue South
Nashville, Tennessee 37212
(615) 255-5225
*Attorneys for Plaintiff*